Michael W. Fattorosi (Bar No: 193538)
LAW OFFICES OF MICHAEL W. FATTOROSI
PROFESSIONAL CORPORATION
26565 Agoura Road, Suite 200
Calabasas, California 91302
Tel: (818) 851-0812
Email: michael@fattlegal.com

Attorneys for Defendant,
**AVN MEDIA NETWORK INC.**

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| SCOTT NATHAN, an individual<br><br>       Plaintiff,<br><br>    v.<br><br>AVN MEDIA NETWORK INC. a California corporation; and DOES 1 through 10, inclusive,<br><br>       Defendants, | Case No.: 2:25-cv-11930-CAS-E<br><br>**DEFENDANT, AVN MEDIA NETWORK INC.'S  ANSWER TO COMPLAINT OF PLAINTIFF SCOTT NATHAN** |

Defendant, **AVN MEDIA NETWORK INC.**, ("AVN") a California corporation by and through its counsel, and for itself alone, and answers the Complaint filed by Plaintiff, **SCOTT NATHAN** ("Nathan"), dated December 17, 2025. Defendant admits, denies and alleges as follows:

## JURISDICTION AND VENUE

1. AVN admits that Plaintiff premises that this action arises under the Copyright Act of 1976, Title 17 U.S.C., § 101 *et seq.*, and nothing more.

2. AVN admits that Plaintiff premises that this court has jurisdiction under 28 U.S.C. § 1331, 17 U.S.C. § 501(a), and 28 U.S.C. §1338(a) and nothing more.

3. AVN admits that Plaintiff premises that venue in this judicial district is proper under 28 U.S.C. § 139l(b) and (c) and 1400(a) on the grounds that this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims allegedly occurred, and nothing more.

## PARTIES

4. AVN presently lacks sufficient information to admit or deny the allegations of paragraph 4 of the Complaint, and, therefore, on that basis, denies each allegation contained therein.

5. AVN admits that it is a California corporation with its principle place of business in Chatsworth, California.

6. AVN presently lacks sufficient information to admit or deny the allegations of paragraph 6 of the Complaint, and, therefore, on that basis, denies each allegation contained therein.

## CLAIMS RELATED TO NATHAN'S CAREER

7. AVN presently lacks sufficient information to admit or deny the allegations of paragraph 7 of the Complaint, and, therefore, on that basis, denies each allegation contained therein.

8. AVN presently lacks sufficient information to admit or deny the allegations of paragraph 8 of the Complaint, and, therefore, on that basis, denies each allegation contained therein.

9. AVN presently lacks sufficient information to admit or deny the allegations of paragraph 9 of the Complaint, and, therefore, on that basis, denies each allegation contained therein.

10. AVN presently lacks sufficient information to admit or deny the allegations of paragraph 10 of the Complaint, and, therefore, on that basis, denies each allegation contained therein.

## DEFENDANT AND ITS BUSINESS

11. AVN admits it is the publisher of AVN Magazine and the operator of the website AVN.com. AVN presently lacks sufficient information to admit or deny the remaining allegations of paragraph 11 of the Complaint, and, therefore, on that basis, denies each allegation contained therein.

12. AVN presently lacks sufficient information to admit or deny the allegations of paragraph 12 of the Complaint, and, therefore, on that basis, denies each allegation contained therein.

13. AVN presently lacks sufficient information to admit or deny the allegations of paragraph 13 of the Complaint, and, therefore, on that basis, denies each allegation contained therein.

## NATHAN'S CLAIMS AS TO THE PHOTOGRAPHS

14. AVN presently lacks sufficient information to admit or deny the allegations of paragraph 14 of the Complaint, and, therefore, on that basis, denies each allegation contained therein.

15. AVN presently lacks sufficient information to admit or deny the allegations of paragraph 15 of the Complaint, and, therefore, on that basis, denies each allegation contained therein.

16. AVN presently lacks sufficient information to admit or deny the allegations of paragraph 16 of the Complaint, and, therefore, on that basis, denies each allegation contained therein.

17. AVN presently lacks sufficient information to admit or deny the allegations of paragraph 17 of the Complaint, and, therefore, on that basis, denies each allegation contained therein.

18. AVN presently lacks sufficient information to admit or deny the allegations of paragraph 18 of the Complaint, and, therefore, on that basis, denies each allegation contained therein.

19. AVN presently lacks sufficient information to admit or deny the allegations of paragraph 19 of the Complaint, and, therefore, on that basis, denies each allegation contained therein.

20. AVN presently lacks sufficient information to admit or deny the allegations of paragraph 20 of the Complaint, and, therefore, on that basis, denies each allegation contained therein.

///

//

/

# NATHAN'S CLAIMS OF INFRINGEMENT

21. AVN admits it published photos of Valentina Nappi on its website, AVN.com. AVN presently lacks sufficient information to admit or deny the allegations of paragraph 21 of the Complaint, and, therefore, on that basis, denies each allegation contained therein.

22. AVN presently lacks sufficient information to admit or deny the allegations of paragraph 22 of the Complaint, and, therefore, on that basis, denies each allegation contained therein.

23. AVN presently lacks sufficient information to admit or deny the allegations of paragraph 23 of the Complaint, and, therefore, on that basis, denies each allegation contained therein.

24. AVN presently lacks sufficient information to admit or deny the allegations of paragraph 24 of the Complaint, and, therefore, on that basis, denies each allegation contained therein.

25. AVN admits it published photos of Valentina Nappi on its website, AVN.com. AVN presently lacks sufficient information to admit or deny the remaining allegations of paragraph 25 of the Complaint, and, therefore, on that basis, denies each allegation contained therein.

26. AVN presently lacks sufficient information to admit or deny the allegations of paragraph 26 of the Complaint, and, therefore, on that basis, denies each allegation contained therein.

27. AVN presently lacks sufficient information to admit or deny the allegations of paragraph 27 of the Complaint, and, therefore, on that basis, denies each allegation contained therein.

28. AVN presently lacks sufficient information to admit or deny the allegations of paragraph 28 of the Complaint, and, therefore, on that basis, denies each allegation contained therein.

29. AVN presently lacks sufficient information to admit or deny the allegations of paragraph 29 of the Complaint, and, therefore, on that basis, denies each allegation contained therein.

## FIRST CAUSE OF ACTION

(For copyright infringement against all Defendants)

30. In response to paragraph 30, AVN restates and incorporates in their entirety its answers to paragraphs 1 through 29 above.

31. AVN presently lacks sufficient information to admit or deny the allegations of paragraph 31 of the Complaint, and, therefore, on that basis, denies each allegation contained therein.

32. AVN denies each and every allegation of paragraph 32 of the Complaint.

33. AVN denies each and every allegation of paragraph 33 of the Complaint.

34. AVN denies each and every allegation of paragraph 34 of the Complaint.

35. AVN denies each and every allegation of paragraph 35 of the Complaint.

36. AVN denies each and every allegation of paragraph 36 of the Complaint.

37. AVN denies each and every allegation of paragraph 37 of the Complaint.

38. AVN denies each and every allegation of paragraph 38 of the Complaint.

39. AVN presently lacks sufficient information to admit or deny the allegations of paragraph 39 of the Complaint, and, therefore, on that basis, denies each allegation contained therein.

40. AVN presently lacks sufficient information to admit or deny the allegations of paragraph 40 of the Complaint, and, therefore, on that basis, denies each allegation contained therein.

41. AVN denies each and every allegation of paragraph 41 of the Complaint.

42. AVN denies each and every allegation of paragraph 42 of the Complaint.

43. AVN denies each and every allegation of paragraph 43 of the Complaint.

## PRAYER FOR RELIEF

AVN denies that Plaintiff is entitled to any of the relief sought.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE
(Innocent Infringement and Good Faith)

1. As a first and separate affirmative defense to the Complaint, and to each cause of action therein, AVN alleges that to the extent that Plaintiff's work was infringed, AVN acted in good faith, innocent of any knowledge or intent to infringe Plaintiff's rights. If such good faith and lack of intent does not, as a matter of law, preclude a finding of liability, any general or statutory damages awarded to Plaintiff should be correspondingly reduced.

//

/

7
**DEFENDANT, AVN MEDIA NETWORK INC.'S ANSWER TO COMPLAINT**

## SECOND AFFIRMATIVE DEFENSE

(Lack of Notice)

2. As a second and separate affirmative defense to the Complaint, and to each cause of action therein, AVN, upon information and belief, alleges that Plaintiff failed to properly mark its alleged copyrighted material.

## THIRD AFFIRMATIVE DEFENSE

(Indemnification)

3. As a third and separate affirmative defense to the Complaint and each cause of action therein, AVN, upon information and belief alleges that one or more third parties are liable for the conduct alleged and will be required to answer and indemnify.

## FOURTH AFFIRMATIVE DEFENSE

(Implied and Oral License)

4. As a fourth and separate affirmative defense to the Complaint and each cause of action therein, AVN, upon information and belief alleges that Defendant has one or more license(s) to use the photographs in question. At all relevant times there existed between Plaintiff Scott Nathan and Valentina Nappi an unrestricted oral or implied license granting Valentina Nappi a license to use the photographs.

////

///

//

/

**FIFTH AFFIRMATIVE DEFENSE**

(Equitable Estoppel)

5. As a fifth and separate affirmative defense to the Complaint and each cause of action therein, AVN, upon information and belief alleges that Plaintiff's action is barred by the doctrine of equitable estoppel.

**SIXTH AFFIRMATIVE DEFENSE**

(Failure to Register Copyright before Infringement)

6. As a sixth and separate affirmative defense to the Complaint and each cause of action therein, AVN, upon information and belief alleges that Plaintiff is barred by 17 U.S.C. section 412 from claiming statutory damages or attorney's fees under the Copyright Act in that any alleged acts of infringement occurred before first registration of the Plaintiff's alleged work.

**SEVENTH AFFIRMATIVE DEFENSE**

(Failure to Join Indispensible Parties)

7. As a seventh and separate affirmative defense to the Complaint and each cause of action therein, AVN, upon information and belief alleges that Plaintiff has failed to join indispensable parties.

**EIGHTH AFFIRMATIVE DEFENSE**

(Fair Use)

8. As an eighth and separate affirmative defense to the Complaint, and to each cause of action therein, AVN alleges that to the extent, if any, that AVN used the subject photographs, such use was a fair use as the photograph was used for news reporting purposes only and such use had no material impact on the market value, if any, for the photographs. Based on information and belief,

9

**DEFENDANT, AVN MEDIA NETWORK INC.'S ANSWER TO COMPLAINT**

there were more than 100 photographs taken by the Plaintiff of Valentina Nappi. Thus, there remains a market for the photos that are not subject to this litigation.

### NINTH AFFIRMATIVE DEFENSE
(Contract Void)

9. As a ninth and separate affirmative defense to the Complaint and each cause of action therein, AVN, upon information and belief, alleges that the "Model Release" alleged in paragraph 15 of the Complaint is unconscionable, invalid as to future works, and is void as contrary to public policy.

**WHEREFORE**, Defendant prays this Honorable Court for the following relief:

1. For dismissal of the Plaintiffs' action with prejudice;

2. For an order that Plaintiffs' shall take no relief from their complaint herein;

3. For an award of Defendant's costs and attorneys' fees herein incurred; and

4. For such further and other relief and the Court deems fair and just.

Dated: February 16, 2026                **LAW OFFICES OF MICHAEL FATTOROSI, P.C**

By: _____/s/ Michael W. Fattorosi_____

Michael W. Fattorosi, Attorney for Defendant,

**AVN MEDIA NETWORK INC.**