# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCOTT NATHAN, an individual<br><br>Plaintiff,<br><br>v.<br><br>AVN MEDIA NETWORK INC. a California corporation; and DOES 1 through 10, inclusive,<br><br>Defendants, | Case No.: 2:25-cv-11930-CAS-E<br><br>**STIPULATED PROTECTIVE ORDER** |

1

**STIPULATED PROTECTIVE ORDER**

GOOD CAUSE FOR THIS ORDER:  This action involves claims of copyright infringement and other claims brought by Plaintiff Scott Nathan against AVN Media Network Inc. in connection with the distribution of certain photographs.   In connection with these claims, the parties are seeking the discovery of particularly sensitive, confidential and proprietary information relating to internal operating expenses, production, marketing and distribution costs, gross and net profits and the like.  The disclosure of such non-public information to others in the adult video industry would give them a competitive advantage to which they are not lawfully entitled.  The parties have good cause to protect the confidentiality of their profit, cost and operating information from the public and others in the industry.  As this type of confidential financial and operating information is not ordinarily available to others, to the extent relevant to this case, such information requires special protection from disclosure pursuant to F.R.C.P. 26(c).

WHEREAS the parties have stipulated to the following provisions herein and having requested that the Court issue a protective order pursuant to Fed. R. Civ. P. 26(c) to protect the confidentiality of confidential, competitively sensitive and/or proprietary information, that may need to be disclosed to adversary parties in connection with discovery in this case; and

WHEREAS the parties have further consented to the form of this Order and stipulated that good cause exists for issuance of an appropriately tailored confidentiality order governing the pretrial phase of this action;

1.     GOOD CAUSE APPEARING, IT IS HEREBY ORDERED that any person or party subject to this Order -- including without limitation the parties to this action, their representatives, agents, experts and consultants, all third parties providing discovery in this action, and all other interested persons with actual or

2

**STIPULATED PROTECTIVE ORDER**

constructive notice of this Order -- shall adhere to the following terms:

1. Any person or party subject to this Order who receives from any other person or party any information of any kind provided in the course of discovery in the action ("Discovery Material") that is designated as "Confidential" pursuant to the terms of this Order (hereinafter, the "Confidential Information" or "Confidential Discovery Material") shall not disclose such Confidential Information to anyone else except as expressly permitted hereunder. "Confidential" material shall only include information which the designating party in good faith believes will, if disclosed, have the effect of causing harm to its competitive position. "Confidential" material shall not include information that (a) was, is or becomes public knowledge, not in violation of this Protective Order or any other obligation of confidentiality, or (b) was or is acquired from a third party having no direct or indirect obligation of confidentiality to the designating party.

2. The person or party disclosing or producing any given Discovery Material may designate as "Confidential" such portion of such material as consists of:

(a) any information of a private, confidential or intimate nature regarding any individual;

(b) any commercially sensitive and/or confidential business or financial information (including without limitation confidential nonpublic contracts, operating expenses, costs, revenues, gross profits and net profits);

(c) any business or financial information that is confidential, proprietary or commercially sensitive to third parties who have had business dealings with parties to this action; or

3

**STIPULATED PROTECTIVE ORDER**

(d)      any other category of material or information hereinafter given Confidential status by the Court.

3.      With respect to the Confidential portion(s) of any Discovery Material other than deposition transcripts and exhibits, the producing person or party or that person's or party's counsel may designate such portion(s) as "Confidential" by stamping or otherwise clearly marking as "Confidential" the protected portion(s) in a manner that will not interfere with legibility or audibility.  With respect to deposition transcripts and exhibits, a producing person or party or that person's or party's counsel may indicate on the record that a question calls for Confidential Information, in which case the transcript of the designated testimony shall be bound in a separate volume and marked "Confidential Information Governed by Protective Order" by the reporter.

4.      DOCUMENTS UNDER SEAL: The parties acknowledge that this Stipulation creates no entitlement to file confidential information under seal.  Civil Local Rule 79-5 sets forth the procedures that must be followed and reflects the standards that will be applied when a party seeks permission from the court to file materials  under seal.  Without written permission from the Designating Party, or a court order secured after appropriate notice to all interested persons, a party may not file in the public record in this action any Protected Material.  Accordingly, at any time prior to trial of this action, any party wishing to submit to the Court documents, information, or transcripts of deposition testimony that have been designated by any party as "Confidential" must submit an application to do so in accordance with Local Rule 79-5.1 and must submit such confidential documents, information or transcripts under seal.

5.      If at any time prior to the trial of this action, a producing person or party

4

**STIPULATED PROTECTIVE ORDER**

realizes that some portion(s) of Discovery Material that that person or party previously produced without limitation should be designated as "Confidential," he may so designate by so apprising all parties in writing, and such designated portion(s) of the Discovery Material will thereafter be treated as "Confidential" under the terms of this Order.

6.    No person or party subject to this Order other than the producing person or party shall disclose any of the Discovery Material designated by the producing person or party as "Confidential" to any other person whomsoever, except to:

(a)    the parties to this action and Protective Order, including their employees and former employees;

(b)    counsel retained specifically for this action, including any paralegal, clerical and other assistant employed by such counsel and assigned to this matter;

(c)    as to any document, its author, its addressee, and any other person indicated on the face of the document as having received a copy;

(d)    any person retained by a party to serve as an expert witness or otherwise providing specialized advice to counsel in connection with this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

(e)    stenographers engaged to transcribe depositions conducted in this action; and

5

**STIPULATED PROTECTIVE ORDER**

(f)     the Court and its support personnel.

(g)     as required by law or court order upon notice to the designating party sufficiently in advance of such disclosure to permit it to seek a protective order.

7.     Prior to any disclosure of any Confidential Discovery Material to any person referred to in subparagraph 6(d) above, such person shall be provided by counsel with a copy of this Protective Order and shall sign a Non-Disclosure Agreement in the form annexed as an Exhibit hereto, stating that that person has read this Order and agrees to be bound by its terms.  Said counsel shall retain each signed Non-Disclosure Agreement, hold it in escrow, and produce it to opposing counsel either prior to such person being permitted to testify (at deposition or trial) or at the conclusion of the case, whichever comes first.

8.     Any party who either objects to any designation of confidentiality, or who, by contrast, requests still further limits on disclosure (such as in camera review in extraordinary circumstances), may at any time prior to the trial of this action serve upon counsel for the designating person or party a written notice stating with particularity the grounds of the objection or request.  If agreement cannot be reached promptly, counsel for the objecting party may seek appropriate relief from the Court in accordance with Local Rule 37 and the party asserting confidentiality shall have the burden of proving same.

9.     This Protective Order shall survive the termination of the litigation. Within 30 days of the final disposition of this action, including all appeals, all Discovery Materials designated as "Confidential," and all copies thereof, shall be promptly returned to the producing person or party (at the producing person's expense), or, upon permission of the producing person or party, shall be destroyed.

**STIPULATED PROTECTIVE ORDER**

10.   This Court shall retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

TRIAL:  Documents designated "Confidential" may be used by any party without limitation at trial.  However, any party who wishes to have such documents treated as "Confidential" may renew their request for confidentiality before the trial judge at the status conference and/or through a motion in limine.

### FOR PLAINTIFF:

DATED: April 21, 2026

**ONE L.L.P.**
Peter R. Afrasiabi, Esq.


By: /s/ Peter R. Afrasiabi

Attorney for Plaintiff SCOTT NATHAN

### FOR DEFENDANT

DATED: April 21, 2026

**LAW OFFICES OF MICHAEL W. FATTOROSI, P.C.**
Michael W. Fattorosi, Esq.


By: /s/Michael W. Fattorosi

Attorney for Defendant AVN MEDIA NETWORK INC.

7

**STIPULATED PROTECTIVE ORDER**

IT IS SO ORDERED.


Dated: 4/29/2026, 2026

_____
CHARLES F. EICK
United States Magistrate Judge

8

**STIPULATED PROTECTIVE ORDER**

## <u>ATTESTATION REGARDING SIGNATURES</u>

Pursuant to Local Rule 5-4.3.4(2)(i), I, Peter R. Afrasiabi, attest that all other signatories listed and on whose behalf the filing is submitted concur in this filing's content and have authorized this filing.

Dated: April 30, 2026            By:     /s/ Peter R. Afrasiabi
                                            Peter R. Afrasiabi

**STIPULATED PROTECTIVE ORDER**